BOUTALL, Judge.
The owner of a building sues one of his tenants for possession of leased premises. From a judgment of eviction the tenant appeals.
The basis of the suit is the failure of the tenant to pay the monthly rental which, under the terms of a written lease agreement, was due on the 1st of each month. Beginning in July, 1976, the rental was late, and in each month the lessor sent a 10 day written notice to pay the past due rent as required by the lease. The rent was always paid in accordance with the letter until November, 1976, during which month the tenant decided to withhold $150.00 of the $650.00 rent, to help pressure the landlord into making the repairs complained of. The $500.00 check sent for the portion of the November rent was returned NSF and it was not until after Notice of Eviction was sent that the tenant attempted to replace that check with a money order. The rent for December was not paid, the tenant insisting he had a right to retain the entire amount until repairs were made. After notice of eviction, the tenant tendered money orders to bring his account up to date.
It is clear that the tenant did not pay his rent when due, that the required 10 day notice of arrears was sent to him, and at the time the landlord exercised his option to evict, the rental for November and December were unpaid, entitling the landlord to eviction. The ténant urges in defense that the monthly rental was always paid late and the landlord had waived his right to insist upon payment in accordance with the lease. The record supports an opposite conclusion. The landlord sent a 10 day written notice in accordance with the lease each time the rent was late, and it was not until payment was not made thereafter that he cancelled the lease.
The other contention is that the landlord breached the lease by refusal to make repairs necessary to occupancy of the building. One item was water cascading *1262 from the floor above, from premises not a portion of this lease, when the toilet was flushed. The other defect was an opening in the rear wall wherein water leaked into the premises during heavy rains. It is clear that these defects occurred but it was not until November that the tenant gave the landlord notice of the defects as required by the lease, and he immediately attempted repairs. The evidence shows that the toilet leak was corrected, although there is a dispute as to whether the leaking wall was corrected. We conclude that the landlord was making repairs in accordance with the lease and did not breach its provisions.
The judgment is affirmed at appellant’s cost.

AFFIRMED.